CLOUGH & a., *Ex'rs, Ap'ts*, v. CLARK, *Adm'r*.

A decree of the judge of probate, under *s. 25, c.* 199, Gen. Laws, does not necessarily discharge the administrator, and close the settlement of the estate, and an appellant from the disallowance of his claim by the commissioner of insolvency is not thereby barred from prosecuting his appeal to final judgment, and, if his claim is established, placing it on the list with the other creditors.

APPEAL from the disallowance of a claim by the commissioner of insolvency upon the estate of Moses Fellows. At the March term, 1885, the defendant pleaded that since the commencement of that term he had settled his administration account in the probate court, and, it being thereupon found that the estate had been wholly expended in defraying the expenses of the last sickness and funeral of the deceased, and the expenses of administration, a decree was entered discharging the defendant from all claims of creditors against said estate.

*Clough & Clark* and *Chase & Streeter*, for the appellants.

*C. R. Morrison*, for the defendant.

BINGHAM, J.   The plaintiffs have the right to try their case unless barred by the facts stated in the defendant's plea.

Section 25, *c.* 199, Gen. Laws, provides that if the estate of any person deceased, after deducting the allowance made the widow, shall be expended in defraying the expenses of the last sickness and funeral of the deceased, and expenses of administration, the administrator, on settlement of his account, and due notice to the heirs and others interested in the estate, shall be wholly discharged, by decree of the judge, from all claims of creditors against the estate, without other proceedings.

The decree stated in the plea comes within the language of the statute; and the inquiry is, What is the meaning of the statute? Is it that the estate shall be discharged under all circumstances and for all time from the payment of its debts, or, that the liability of the administrator shall be suspended as to the claims of creditors so long as the estate of the deceased in his hands remains as at the date of the decree?

The settlement of the estate is not necessarily closed and the administrator discharged by the decree, but he continues to be administrator, and the settlement of the estate may proceed until it is completed.   It is possible that assets may come to the hands of the administrator that should be applied in payment of the debts. We think the effect of the decree is to suspend the liability of the administrator to pay the debts so long as the assets in his hands

continue as at the date of the decree, and that it does not discharge the administrator or the estate from their payment in case assets are found.

In this view the plaintiffs may prove their debt while the evidence is at hand, and have it placed on the list of claims ready to receive their distributive share should there be anything to distribute.

*Demurrer sustained.*

ALLEN, SMITH, and CLARK, JJ., did not sit: the others concurred.